UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFERY J. KING, ) | CASE NO. 4:08 CV 2533 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PETER C. ECONOMUS |
| vs. ) | |
| ) | |
| SHELLY & SANDS, ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

On October 24, 2008, plaintiff pro se Jeffery J. King filed the above-captioned in forma pauperis complaint against defendant Shelly & Sands. Mr. King asserts this court's jurisdiction based on alleged violations of Title VII and the Equal Pay Act. He is seeking compensation for lost wages and one million dollars in damages.

*Facts*

Mr. King worked for a local division of Shelly & Sands, sporadically, from 1998 until his termination. Some time after 2007, he was contacted by Redd Wilson to work on a State of Ohio paving project. The project required compliance with certain specifications for the "compaction of asphalt." (Compl. at 1.) During the course of the project, Mr. King was approached by an O.D.O.T. inspector who asked him for '#'s.' He explained that he could not provide an answer to the inspector's question because "S&S's compaction person hadn't done her job." (Compl. at 1.)

Plaintiff notified his boss of the situation and he responded, "'You know she won't do it'" (Compl. at 1.)  He believes his boss had an "exclusive relationship" with the woman to whom his boss was referring.

Shortly after his conversation with his boss, Mr. King experienced what he believed were retaliatory acts.  He claims that there was "no pop-cycle for the old black guy in 95° heat while everyone gets pop-cycles."  (Compl. at 1.)  Also, he complained that the "start time is 8:00 a.m.," but the crew with whom he worked "leaves at 7:45 a.m."  (Compl. at 1.)  Mid-way through the project's completion, plaintiff was "laid off."  He was labeled incompetent and black-balled.

Attached to the complaint is a copy of a Notice of Suit rights addressed to Mr. King from the Equal Employment Opportunity Commission (E.E.O.C.), dated July 24, 2008.  The E.E.O.C. closed its file on the plaintiff's charge and adopted the findings of the state and local fair employment practices agency that investigated the charge.  There is no description of any findings from a state or local agency contained in or attached to the complaint.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

a.  Title VII - Retaliation

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework). This holding did not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In cases alleging retaliation in violation o f Title VII, a plaintiff generally states: (1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. See Harrison v. Metropolitan Gov't, 80 F.3d 1107, 1118 (6th Cir.1996) (citing Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir.1987)). Even setting aside the prima facie standard, Mr. King has failed to state a retaliation claim under Title VII.

There is no allegation that Mr. King engaged in any activity protected by Title VII or that the defendant retaliated against him as a result. While he indicates he is African American, he does not allege any retaliatory acts occurred because of his race. Instead, he explains to the court that he could not provide an O.D.O.T. inspector with information he requested because the "compaction person"at S&S did not do her job. It was only after Mr. King complained about this woman, however, that the alleged retaliation started.[2] Complaining that a co-worker is not performing his or her duties is the only action in the complaint which remotely relates to the defendant's allegedly "retaliatory" behavior toward Mr. King. See e.g. EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir.1997)(to establish causal connection, a plaintiff must produce sufficient evidence that the adverse action would not have been taken had plaintiff not filed a discrimination action); Jackson v. RKO Bottlers, 743 F.2d 370, 377 (6th Cir.1984). This is not, however, an activity protected by Title VII and does not state a claim of retaliation in violation of Title VII.

---

[2] Mr. King's complaint suggests that the actions may have related to the fact that his boss allegedly had an "exclusive relationship" with the woman about whom he complained.

b.	Equal Pay Act

Mr. King also alleges that the defendant discriminated against him in violation of the Equal Pay Act (EPA). The EPA precludes employers from paying employees at a lower rate than employees of the opposite sex for equal work. 29 U.S.C. § 206(d). Thus, the underlying issue in an EPA action is whether "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" Beck-Wilson v. Principi, 441 F.3d 353, 359 (6th Cir.2006) (quoting Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)). The facts alleged in this action fail to support any claim of discrimination based on Mr. King's sex. Even if the offer to enjoy a cool popsicle in 95° weather was not extended to Mr. King, this is not a form of compensation. Moreover, there is no indication that only women or Caucasians (Title VII) were exclusively in the group treated to popsicles that day. For the foregoing reasons, Mr. King has failed to state a claim under either the EPA or Title VII.

Based on the foregoing, Mr. King's request to proceed in forma pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 1/23/09
PETER C.ECONOMUS.
UNITED STATES DISTRICT JUDGE